

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FABIAN BUTT, individually and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |
| vs. | |
| MEGABUS NORTHEAST LLC, | **JURY TRIAL DEMAND** |
| Defendant. | |

Plaintiff FABIAN BUTT, individually and on behalf of all others similarly situated, by his attorneys, The Ottinger Firm, PC, alleges, upon personal knowledge and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Individual and Representative Plaintiff Fabian Butt and all putative plaintiffs (collectively "Plaintiffs"), on their own behalf and behalf of the proposed class identified below.  Plaintiff and the putative class members were or are employed by Defendant Megabus Northeast LLC ("Defendant," "Megabus" or the "Company") and were denied overtime compensation as required by federal and state wage and hour laws.  Plaintiffs are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The Collective Class is made of all persons who are or have been employed by Defendant as baggage handlers paid on hourly basis who worked at Defendant's locations nationally within three years prior to this action's filing date through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendant's

unlawful practice of failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek.

3.      The New York Class is made up of all persons who are or have been employed by Defendant as Baggage Handlers paid on hourly basis within the State of New York within the period of six years prior to the filing date of this Complaint ("the New York Class Period") and who were subject to Defendant's unlawful practice of failing to pay overtime premiums for all hours worked in excess of 40 hours per workweek.

4.      During the Collective and New York Class Periods, Megabus set the Collective and New York Class members' hours, compensation, and job duties, controlled all aspects of their day-to-day employment, required them to work from the Company's locations and supervised their work, making them "employees" and Megabus their "employer" within the meaning of all applicable statutes.

5.      During the Collective and New York Class Periods, Megabus unlawfully failed to pay overtime premiums for all hours worked in excess of 40 hours per workweek by its baggage handlers.  Plaintiffs seek relief on behalf of the New York Class pursuant to the applicable provisions of the New York Labor Law ("NYLL"), and on behalf of the Collective Class pursuant to the Fair Labor Standards Act ("FLSA"), to remedy the Defendant's failure to pay all wages due and in addition to injunctive relief.

**PARTIES**

6.      Individual and representative Plaintiff Fabian Butt is a resident of Bronx County in the State of New York.  Mr. Butt was employed by Defendant as a Baggage Handler at the Megabus stop on Ninth Avenue near 33rd Street in New York City.  He started work on or about October 20, 2010, and Megabus terminated his employment in May 2011.  Mr. Butt also was

assigned to work as a Dispatcher during a portion of his employment with Megabus.  At all relevant times herein, Mr. Butt met the definition of an "employee" under all relevant statutes.

7.      Defendant Megabus Northeast LLC is a Delaware limited liability company authorized to do business in the State of New York, with a registered agent for service of process, CT Corporation, located 111 Eighth Avenue, New York, New York 10011.  Defendant Megabus is a low cost bus company that operates through out the Northeast and Midwest.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. §§ 207 *et seq*.  This Court also has supplemental jurisdiction over the Plaintiff's New York law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial portion of the wage violations that give rise to Plaintiffs' claims occurred in the Southern District of New York, and because Defendant regularly transacts business and is subject to personal jurisdiction in this district.

## COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiff Fabian Butt brings this action on behalf of himself and other employees similarly situated as authorized under 29 U.S.C. § 216(b).  The employees similarly situated are:

**Collective Class:**     All persons who are or have been employed by Megabus as baggage handlers or dispatchers nationally at any point during the Collective Class Period.

11.     Defendant employed Plaintiffs during the Collective Class Period.

12.     On information and belief, Defendant has employed more than 100 other employees who fall within the Collective Class.

3

13.     By way of example only, Defendant controls how much the Collective Class members are paid, maintains all time records for the Collective Class members, assigns and supervises all of the tasks given to the Collective Class members, and maintains and exercises control as to how the Collective Class members are to perform their tasks.

14.     As a result, each of the class members are "employees" entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

15.     However, at all times during the Collective Class Period, Defendant, as a matter of policy, failed to pay the Collective Class members overtime premiums for hours all worked in excess of 40 hours per workweek.

16.     As part of their employment, Defendant routinely required Plaintiff and other members of the Collective Class to work in excess of 60 hours per workweek without ever paying them overtime premium pay.

17.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

18.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who were subject to the aforementioned policy in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## NEW YORK CLASS ALLEGATIONS

19.     Plaintiff Fabian Butt brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**New York Class:**     All persons in the state of New York who are or have been employed by Defendant as Baggage Handlers and/or Dispatchers at any point during the New York Class Period.

20.     At all times during the New York Class Period, Defendant as a matter of policy, did not pay Plaintiffs or the New York Class members overtime premium pay for all hours worked in excess of 40 hours per workweek, failed to pay minimum wage and made illegal deductions from the class members' wages.

21.     Numerosity:   The proposed New York Class is so numerous that joinder of all members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendant employed over 50 persons who satisfy the definition of the proposed New York Class.

22.     Typicality:     Plaintiff's claims are typical of the members of the Proposed New York Class.  Plaintiff is informed and believes that all Baggage Handlers and Dispatchers in New York were subject to the aforementioned unlawful policies during the New York Class Period. All Plaintiffs were subject to Defendant's policy and practice of unlawfully depriving class members of overtime premium compensation for all hours worked in excess of 40 hours per workweek.  Plaintiffs had the same or similar duties and responsibilities as other New York Class members.

23.     Superiority:   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24.   Adequacy:   Plaintiff will fairly and adequately protect the interests of the proposed New York Class, and has retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

25.   Commonality: Common questions of law and fact exist to all members of the proposed New York Class and predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

a.   Whether Defendant unlawfully failed to pay appropriate overtime compensation to members of the Proposed New York Class in violation of NYLL;

b.   Whether Defendant employed Plaintiff and the proposed New York Class within the meaning of New York law;

c.   Whether Defendant should be enjoined from continuing the practices that violate the FLSA and the NYLL;

d.   Whether Defendant is liable to the proposed New York Class;

e.   The proper measure of damages sustained by the proposed New York Class; and

f.   Whether Defendant's actions were "willful."

26.   The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

27.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the proposed New York Class predominate over any

6

questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the proposed New York Class the wages to which they are entitled. The damages suffered by the individual proposed New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

28.     Plaintiffs intend to send notice to all members of the proposed New York Class to the extent required by Rule 23. The names and addresses of the proposed New York Class are available from Defendants.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

29.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

30.     Plaintiff consents in writing to be a part of this action, pursuant to 20 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto and/or will be filed separately. Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

31.     At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ employees, including Plaintiffs and the Collective Class members. At all relevant times, upon information and belief, Defendant has had gross operating revenues in excess of $500,000.00.

32.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

33.     During his employment with Defendant, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiff and the Collective Class members, Defendant willfully, in bad faith, and in knowing violation of the Federal Fair labor Standards Act, failed and refused to pay them overtime compensation.

34.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 20 U.S.C. §§ 201 *et seq.*

35.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

36.     Plaintiff, on behalf of himself and the Collective Class, seeks recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
**(New York Labor Law: Unpaid Overtime Wages)**

37.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

38.     At all relevant times, Plaintiff and the New York Class members were "employees" and Defendant their "employer" within the meaning of the New York Labor Law.

8

39.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

40.     Defendant has failed to pay Plaintiff and the New York Class members the overtime wages to which they were entitled under the New York Labor Law.

41.     By Defendant's failure to pay Plaintiff and the New York Class members premium overtime wages for all hours worked in excess of 40 hours per workweek, Defendant has willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

42.     Due to Defendant's violations of the New York Labor Law, Plaintiff and the New York Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Classes, prays for relief as follows:

1.      That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

2.      That Defendant is found to have violated the provisions of the New York Labor Law as to Plaintiff and the New York Class;

3.      That Defendant is found to have violated the Federal Fair Labor Standards Act as to Plaintiff and the Classes;

4.      That Defendant's violations as described above are found to be willful;

5.      An award to Plaintiff and the Classes for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

6.      That Defendant further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

7.      An award of reasonable attorney's fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

8.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated:  June 13, 2011

THE OTTINGER FIRM, P.C.

By:_____
    Robert W. Ottinger
    Christopher Q. Davis
    19 Fulton Street, Suite 408
    New York, New York 10038
    Telephone: (212) 571-2000
    robert@ottingerlaw.com
    chris@ottingerlaw.com

*ATTORNEYS FOR PLAINTIFF AND*
*THE PROPOSED CLASS*